# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: Z.S.

No. 15-0443 (Taylor County 14-JA-9)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.C., by counsel Dennis B. Kittle, appeals the Circuit Court of Taylor County's April 13, 2015, order terminating her parental rights to Z.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Mary S. Nelson, filed a response on behalf of the child. On appeal, petitioner alleges that the circuit court erred in denying her request for an improvement period, in terminating her parental rights without considering less restrictive alternatives, and in denying her motion for post-termination visitation.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed a petition alleging that petitioner abused and neglected Z.S. Specifically, the petition alleged that petitioner physically abused Z.S., engaged in repeated episodes of domestic violence in Z.S.'s presence, and abused controlled substances which led to Z.S.'s neglect. The petition further alleged that petitioner failed to provide Z.S. with a stable living environment and failed to ensure his regular attendance at school. The petition initially alleged that Z.S.'s biological father, C.S., failed to protect Z.S. from petitioner's abuse and neglect but that allegation was dismissed upon further investigation.[2] That same month, the circuit court held an adjudicatory hearing and found that there was an active mutual restraining order between petitioner and her current husband resulting from a domestic violence incident

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]Petitioner and C.S. divorced shortly after Z.S.'s birth. C.S. resides in the State of Colorado, and pursuant to a family court order, exercised visitation with the child primarily during the summer.

wherein the husband assaulted petitioner while he was under the influence of bath salts. The circuit court also found that there was a prior protective order issued against petitioner for physically abusing Z.S. in 2011. The circuit court noted that there was a chronic history of domestic violence between petitioner and her mother, with whom petitioner and Z.S. lived. The circuit court found that petitioner's home was not safe for Z.S. and placed him in his paternal grandfather's custody pending further hearing.

In June of 2014, the circuit court addressed biological father C.S.'s motion to assume custody of Z.S. During an in-camera hearing, seven-year old Z.S. testified that both petitioner and her husband physically abused him on numerous occasions. Specifically, Z.S. testified that petitioner beat him with a belt, which was corroborated by medical records which explained that Z.S.'s injuries were the result of non-accidental trauma consistent with the use of a belt. Z.S. also testified that he witnessed numerous incidents of domestic violence between petitioner and her husband and between petitioner and her mother. Z.S. testified that he did not feel safe living with petitioner but he did feel safe living with his biological father C.S. Based on Z.S.'s testimony, the circuit court placed Z.S. in C.S.'s physical custody.

In July of 2014, the circuit court held a final adjudicatory hearing. The paternal grandmother and petitioner's parents all testified that they witnessed petitioner physically abuse Z.S. They all also testified that they witnessed petitioner threaten her mother with physical violence in Z.S.'s presence. Petitioner's parents testified that they observed petitioner to be under the influence of controlled substances on multiple occasions. They further testified that they found drug paraphernalia, marijuana, and empty prescription pain medications bottles in petitioner's possession while she and Z.S. lived in their home. Petitioner denied these allegations. Further, petitioner acknowledged that Z.S. was truant from school, but claimed she had difficulty transporting him to school and did not want to transfer him into a new school district. At the close of the hearing, the circuit court found that Z.S. spent a majority of his life in the care of his grandparents and that petitioner chronically abused Z.S. The circuit court concluded that because petitioner denied that any abuse occurred, she would not be able to successfully complete an improvement period.

In November of 2014, the circuit court held a dispositional hearing. The guardian testified that petitioner refused to acknowledge any manner in which her conduct was abusive or neglectful to Z.S. The guardian further testified that petitioner wrote a letter to the circuit court that threatened to "take professional licenses" and have everyone involved with the proceedings investigated. Petitioner also threatened to go on national television and air her grievances. The guardian testified that petitioner's letter infers that everyone is wrong except for her and that she refuses to accept responsibility for any of her actions. According to the DHHR, petitioner refused to acknowledge the issues of abuse, neglect, domestic violence, or substance abuse. Petitioner testified that her letter had been misrepresented and that she would make efforts to correct the issues of abuse and neglect. Additionally, despite admitting that she had a substance abuse problem, petitioner testified that she stopped treatment at the suboxen clinic. Petitioner also testified that she was a "bad mom" for not taking Z.S. to school. Based on the additional testimony, the circuit court found that petitioner remained in denial regarding Z.S.'s abuse and neglect, some eight months after the petition's filing. The circuit court also terminated petitioner's parental rights based upon its finding that there was no reasonable likelihood that the

conditions of abuse and neglect could be substantially corrected in the near future. The circuit court then denied petitioner post-termination visitation, but provided that the Multidisciplinary Team ("MDT") could determine if post-termination visits with petitioner were in Z.S.'s best interest. In April of 2015, the circuit court entered its order denying petitioner's request for an improvement period and terminating her parental rights to Z.S. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's request for an improvement period, or in terminating her parental rights without considering a less restrictive alternative.

First, we find no merit to petitioner's argument that the circuit court erred in denying her request for an improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court may only grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Although petitioner argues that she was likely to participate in an improvement period, we find no indication in the record on appeal that she acknowledged a problem in her parenting that required improvement. We have explained that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re: Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Based on the record before us, we cannot find reversible error in the circuit court's denial of petitioner's motion for an improvement period where she failed to acknowledge the existence of a problem that led to Z.S.'s physical injuries or

his exposure to domestic violence in the home. Moreover, West Virginia Code § 49-6-12(b) provides circuit courts with discretion in ruling on motions for improvement periods. The record on appeal reflects that petitioner failed to meet the applicable burden. Therefore, the circuit court was within its sound discretion in denying petitioner's motion.

As to petitioner's argument that the circuit court erred in terminating her parental rights without considering less-restrictive alternatives, this Court finds no error. The record on appeal demonstrates that petitioner chronically abused Z.S. and exposed him to both substance abuse and domestic violence. Z.S. testified that both petitioner and her current husband physically abused him and that petitioner beat him with a belt. Medical records indicated that Z.S.'s injuries were the result of non-accidental trauma consistent with the use of a belt. Z.S. also testified that he witnessed numerous incidents of domestic violence between petitioner and her husband and between petitioner and her mother. Z.S. further testified that he did not feel safe living with petitioner. Likewise, petitioner's parents testified that they witnessed her physically abuse Z.S. and that they observed petitioner to be under the influence of controlled substances on multiple occasions. They further testified that they found drug paraphernalia, marijuana, and empty prescription pain medications bottles in petitioner's possession while she and Z.S. lived in their home.

Pursuant to West Virginia Code § 49-6-5(b), "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected' shall mean that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Based on the evidence set forth above, it is clear that the circuit court was presented with sufficient evidence upon which to base this finding, as well as the finding that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. at 89, 717 S.E.2d at 873 (2011). While petitioner argues that she did not abuse Z.S. and does not know who did, the circuit court's finding that petitioner continued to deny her parenting deficiencies indicates a failure to fully acknowledge the issues of abuse present in this matter. As such, it was not error for the circuit court to terminate petitioner's parental rights instead of imposing a less-restrictive dispositional alternative.

As to petitioner's argument that the circuit court erred in denying her post-termination visitation with Z.S., we find that petitioner's assignment of error is not ripe for appeal. "The usual prerequisite for our appellate jurisdiction is a final judgement[.]" *Coleman v. Sopher*, 194 W.Va. 90, 94, 459 S.E.2d 367, 371 (1995). The circuit court specifically left the issue of post-

termination visitation open for review by ordering that the MDT meet to determine whether such visitation would be in Z.S.'s best interest. Because there is no evidence on the record on appeal to indicate that petitioner was denied post-termination visitation, the issue of post-termination visitation remains open for the benefit of Z.S.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 13, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5